191

## DAVENPORT v. SINCLAIR NAV. CO.
### No. 113.

District Court, E. D. Pennsylvania.
Sept. 18, 1939.

Freedman & Goldstein, of Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Plaintiff filed a civil action on December 16, 1938 seeking to recover damages for injuries allegedly sustained while employed as a member of the crew of defendant's steamship "Joseph M. Cudahy."

Among other things, the complaint alleged in Paragraph 9 that the action was brought pursuant to Section 33 of the Merchant Marine Act of 1920 (the Jones Act), 46 U.S.C.A. § 688.

Service of the complaint was made upon an employee of the defendant at Marcus Hook, Pennsylvania, on December 29, 1938.

On January 10, 1939 defendant filed a motion to dismiss the complaint on the

ground that Section 33 aforementioned provides: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located" and averring that defendant is a Delaware corporation and maintains its principal office in New York City; and, further, that it is not resident within the Eastern District of Pennsylvania and does not maintain any office therein for the conduct of its business.

The plaintiff on February 2, 1939 filed an answer to the motion to dismiss the complaint denying the averments as to the defendant's residence and the location of its principal office.

Thereupon the defendant supplied proof of its averments as to the defendant's residence and the location of its principal office by a deposition taken on March 3, 1939.

On June 5, 1939 the matter came before this court on the motion to dismiss the complaint. At that time the plaintiff, in apparent recognition of the validity of the defendant's position, asked leave to file an amended complaint designed to invoke the jurisdiction of this court through a common law remedy and foregoing the remedy in the Jones Act. Paragraph 9 of the original complaint, which stated that "This action is brought pursuant to Section 33 of the Merchant Marine Act of 1920 * * *" was completely eliminated, and in its place the amended complaint asserted in Paragraph 9: "Jurisdiction of this action is founded upon Section 28 U.S.C. 112 (as amended) [28 U.S.C.A. § 112] by reason of the diversity of citizenship of the parties herewith."

There can be no question but that the defendant's motion of January 10, 1939 to dismiss the original complaint must be granted on the ground that under Section 33 of the Jones Act "Jurisdiction in such action shall be under the court of the district in which the defendant employer resides or in which his principal office is located" and it is undisputed that the defendant neither resides in nor is its principal office located in this jurisdiction.

As previously stated, by attempting to amend the complaint, the plaintiff recognized that the granting of the defendant's motion to dismiss the original complaint is proper.

As to the plaintiff's amended complaint, obviously it cannot be accepted or permitted. Since the original complaint is dismissed on the ground of lack of jurisdiction, there is nothing further before us. In effect, with the dismissal of the original complaint the suit is ended.

For the reasons above stated, the defendant's motion to dismiss the original complaint is granted, and leave is denied to the plaintiff to file an amended complaint.