## BURRIS v. MATSON NAV. CO.

District Court, S. D. New York.

Sept. 21, 1940.

George J. Engelman, of New York City, for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion by defendant to dismiss the action on the ground that it is brought in the wrong jurisdiction. Plaintiff, a seaman and a resident of California, sues under the Jones Act, 46 U.S.C.A. § 688, to recover damages for injuries alleged to have been sustained while he was employed as a seaman on defendant's S/S Honomu. It appears from affidavits annexed to the moving papers that defendant is a California corporation with its principal office in the City of San Francisco, California. .

In opposition to the motion plaintiff asserts that in the past defendant has appeared generally in this District and waived any objection it might have to the venue of actions brought against it under the Jones Act. It is also asserted that defendant's activities within this District are such as to make it "doing business" within the general venue provisions of the Judicial Code.

The Jones Act provides that the venue of actions under it "shall be under the court of the district in which the defendant employer resides or in which his principal office is located". A corporation "resides", for the requirements of venue, in the state of incorporation of the corporation. Neirbo Co. v. Bethlehem Shipbuilding Corp., 2 Cir., 103 F.2d 765, 767. Its citizenship is also in the chartering state for jurisdictional purposes. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 169, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. Of course, the requirements of venue may be waived. Panama R. R. Co. v. Johnson, 246 U.S. 375, 385, 44 S.Ct. 391, 68 L.Ed. 748. The fact that this defendant in the past has not objected to this District as the venue of actions against it under the provisions of the Jones Act, is no estoppel to defendant asserting the privilege in the present case. The fact that the defendant is doing business within the District is not sufficient, if its principal office is elsewhere. Peters v. Detroit & Cleveland Nav. Co., D.C., 24 F.2d 454; Summerall v. United Fruit Co., D.C., 11 F.Supp. 963, affirmed 2 Cir., 80 F.2d 1020, certiorari denied 298 U.S. 658, 60 S.Ct. 680, 84 L.Ed. 1384.

The motion to dismiss the complaint will be granted for the reasons above stated. Submit order on notice.