## BRANIC v. WHEELING STEEL CORPORATION.

### Civ. A. No. 3606.

District Court, W. D. Pennsylvania.
April 18, 1945.

Hymen Schlesinger and Schlesinger & Schlesinger, all of Pittsburgh, Pa., for plaintiff.

H. A. Robinson and Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

By complaint filed December 27, 1944, the plaintiff, a seaman, has brought this action at law under the provisions of Section 20 of the Merchant Marine Act of 1915, as amended by Section 33 of the Merchant Marine Act of 1920, 41 Stat. 1007, 46 U.S.C.A. § 688, which reads as follows: "That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, * * *. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The complaint alleges that the plaintiff is a resident of the City of Pittsburgh, Allegheny County, Pennsylvania; and that the defendant is a corporation organized under the laws of West Virginia, and having property in Allegheny County, Pennsylvania.

The plaintiff, on December 27, 1944, issued a writ of foreign attachment under which the United States Marshal attached certain property of defendant, including the Steamers Carbon and Benwood and the landing of defendant at Penn Avenue and Water Street, Pittsburgh. Whereupon, defendant appearing specially for the purpose, gave bond to dissolve the attachment; and this court discharged the property attached from the custody of the United States Marshal.

Then defendant, appearing specially by its counsel, moved to dismiss the complaint herein for the following reasons:

"1. The Complaint is defective in that it fails to set forth any jurisdiction over the defendant.

"2. The Complaint is defective in that it fails to set forth any jurisdiction over the cause of action."

Paragraph 3 of the complaint reads as follows: "3. This action is brought pursuant to the provisions of the Act of Congress known as the Jones Act of 1915, as amended, 46 U.S.C.A. § 688, extending to seamen the provisions of the Federal Employers' Liability Act."

On January 8, 1945, the plaintiff, without leave of court, filed a paper entitled "Amendment to Complaint" which reads as follows: "Jurisdiction of this Court is also conferred by the admiralty and maritime laws of the United States and also by reason of the diversity of citizenship of the parties, the amount in controversy exclusive of costs and interest being more than three thousand dollars."

■ On the complaint, as originally filed, this Court certainly had no jurisdiction, because this is not a district in which defendant resides and has its principal place of business. The purported amendment to the complaint filed by plaintiff, without leave of court, certainly does not give this Court jurisdiction at law over this defendant. If plaintiff has a cause of action against defendant under the admiralty and maritime laws of the United States, his suit should be in admiralty where he would have a right to bring an action in personam invoking the benefits of the Jones Act, and may even begin such action by foreign attachment. See Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98.

The view we have taken of this case finds support in opinion of District Judge Kalodner in Davenport v. Sinclair Navigation Co., D.C., 30 F.Supp. 191.

■ Plaintiff also contends that by giving bond to dissolve the attachment in this case, the defendant has waived the venue limitation contained in the statute. We do not think so. Certainly, releasing its property from attachment does not waive a good objection to jurisdiction over his person. See Cricket S. S. Co. v. Parry, 2 Cir., 263 F. 523; Ward v. The Seas Shipping Co.[1]

The defendant's motion to dismiss the complaint will be granted. An order may be submitted accordingly on notice to opposing counsel.

---

[1] No opinion for publication.