## EBANKS v. GRACE LINE, Inc.

District Court, S. D. New York.

July 7, 1947.

Hill, Rivkins & Middleton, of New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, of New York City, for defendant.

KNOX, District Judge.

Plaintiff here seeks an order striking from paragraph third of defendant's answer, filed herein on March 6, 1947, the denial that its principal office is within the Southern District of New York, together with that portion of paragraph nineteenth of the answer which alleges that the defendant did not and does not now have its principal office within this district.

This is an action under the Jones Act, and plaintiff alleges that he was injured while employed as a seaman aboard the S. S. Santa Ana, owned and operated by the defendant. The third paragraph of the complaint states that defendant is a corporation organized under the laws of the State of New York, with offices and its principal place of business at No. 10 Hanover Square, Borough of Manhattan, City of New York. Defendant admits, in paragraph three of its answer, that it is a corporation with an office at the above named location, but oth-

erwise denies the allegations contained in that paragraph of the complaint. The answer, in paragraph nineteenth, sets forth, as a separate and complete defense, that defendant is a corporation organized and existing under the laws of the State of Delaware; that its principal office is located in that State, and that it did not at the time of the commencement of this action, nor at the present time, reside within the Southern District of New York, nor have its principal office in this district within the meaning of the Jones Act, 46 U.S.C.A. § 688.

The disposition of this motion depends upon the application of that portion of Sec. 688 of Title 46 U.S.C.A., to the relevant facts. That section provides in part:

"Jurisdiction * * * shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

 This portion of the Act has been construed by the Supreme Court to relate to venue as distinguished from the general jurisdiction of the District Courts. Panama R. Co. v. Johnson, 264 U.S. 375, 44 S. Ct. 391, 68 L.Ed. 748.

 It is the contention of the plaintiff that the principal office of the defendant is in this district and in support thereof, plaintiff offers the deposition of William F. Cogswell, secretary of the defendant corporation, verified May 2, 1947. The Court can reasonably conclude from such deposition that the defendant is doing business in this district, but this "is not sufficient, if its principal office is elsewhere." Burris v. Matson Nav. Co., D.C., 37 F.Supp. 648, 649.

While the deposition indicates that the defendant is also doing business in San Francisco and New Orleans, it is clear that its activities are principally centered in New York rather than in either of the other named cities. Defendant's Board of Directors hold its meetings in New York, and it is here that its President, a number of Vice Presidents, together with the Secretary and Treasurer carry on these activities. Mr. Cogswell testified that he does not think the defendant corporation transacts any business in Delaware, but said that the stockholders' meetings are held there and that it probably sells tickets there. The Certificate of Incorporation and the By-Laws of the defendant provide that the principal office of the Company shall be in the City of Wilmington, Delaware.

 It appears to be well settled that an action under the Jones Act must be brought in the district wherein the defendant resides or where its principal office is located. Leon v. United States Shipping Board Emergency Fleet Corporation, D.C., 286 F. 681; Caceres v. United States Shipping Board Emergency Fleet Corporation, D.C., 299 F. 968. In the Caceres case, supra, it was pointed out that there is a distinction between "principal place of business" and "Principal office" and 299 F. at page 970 the Court there said:

"The words 'principal office' have a definite meaning, especially when applied to a corporation, in which case they mean the head office, the place where the principal officers generally transact business, and the place to which reports are made and from which orders emanate."

Notwithstanding that Wilmington, Delaware, is designated as the location of defendant's principal office by its Certificate of Incorporation and By-laws, I can not escape the conclusion that on the facts now before me, such designation is formal only and that as matters of actuality, the principal office of defendant is within this district. For this reason, plaintiff's motion will be granted.

Settle order on notice.