196

District Court, M. D. Pennsylvania.
July 22, 1948.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Thomas Wood, Jr., Asst. U. S. Atty., of Williamsport, Pa., for the Government.

John R. Lashley, Jr., of Waynesboro, Pa., and Edwin D. Strite, of Chambersburg, Pa., for defendants.

WATSON, District Judge.

This is a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The portion of the complaint complained of reads as follows:

"On March 8, 1945, the commodities, materials, equipment and supplies referred to in paragraphs 6 and 7 above, were all either damaged or destroyed by a fire in said warehouse, which fire was caused by the negligence of the defendants, their agents, servants and employees."

The defendants contend, in support of their motion, that the allegations of negligence are not sufficiently specific and do not afford them an opportunity to prepare a responsive pleading.

The attention of the Court has been directed to the illustrative form of a Complaint for Negligence, 28 U.S.C.A. following section 723c, Appendix of Forms, Form 9. This form contains the following allegation as to negligence:

"On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway."

The Federal Rules of Procedure for the District Courts of the United States, as amended, contain the following:

"Rule 84. Forms. The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

The language in the Complaint as to the alleged negligence is almost identical with that contained in the illustrative form referred to, and the illustrative form was undoubtedly followed by the plaintiff in the preparation of the Complaint.

It seems clear that the allegation as to negligence adopted by the plaintiff in this case meets the requirements of the Rules and is, therefore, sufficient.

The Complaint is certainly sufficiently definite to enable the defendants to frame their answer. If the defendants desire to secure more detailed information as to how the plaintiff intends to prove its allegation as to the negligence of the defendants, they must look to other provisions of the Rules of Civil Procedure which provide for the obtaining of such details.

Now, July 22, 1948, the defendants' motion for a more definite statement is denied.