## BAGNER v. BLIDBERG ROTHCHILD CO., Inc.

### Civ. No. 8813.

United States District Court
E. D. Pennsylvania.

July 7, 1949.

William M. Alper, Philadelphia, Pa., for plaintiff.

T. E. Byrne, Jr., Philadelphia, Pa., for defendant.

McGRANERY, District uJdge.

This case arises as an action by a merchant seaman to recover damages for personal injuries under the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688. The defendant employer is a corporation organized under the laws of the State of Delaware, with its principal office located in New York City. The defendant in its answer averred that it is not a "resident" in this district, although it was admitted of record at the argument that the defendant was doing business in

this district for the purposes of this suit. On the ground that this action violates the venue provisions of the Jones Act, defendant moved that a summary judgment be entered in its favor, or that, in the alternative, all allegations and causes of action based on the Jones Act be stricken from the complaint.

The Jones Act provides that: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

■ This provision is one of venue. Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748. Residence, for a corporation, was under this statute limited to the state of incorporation. Burris v. Matson Nav. Co., D.C., 37 F.Supp. 648; Davenport v. Sinclair Nav. Co., D.C., 30 F.Supp. 191. But the new Judicial Code, Title 28 U.S.C.A. § 1391(c) provides that: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Therefore, the issue here presented is whether section 1391(c) of the new Code so affects the venue provisions of the Jones Act as to permit this suit in this district, when the defendant is incorporated in Delaware but is doing business here.

■ "Residence" is not a word of art peculiar to the Jones Act. Under the old Judicial Code, section 51, 28 U.S.C.A. § 112, residence of corporations was also limited to the state of incorporation. See Neirbo v. Bethlehem Shipbuilding Corp., 2 Cir., 103 F.2d 765. The Jones Act interpretation flowed from the Judicial Code interpretation. See Burris v. Matson Nav. Co., supra. Consequently, with the change of the definition of "residence" in the Judicial Code, by a general venue provision, it would seem that the definition of the term for the purposes of venue under the Jones Act is also changed, unless there appears some special statutory intent to the contrary. Section 1391(c) makes no exceptions to its applicability. "It is a fundamental rule of statutory interpretation that a statute general in its language is to be given general application." United States v. National City Lines, D.C., 80 F. Supp. 734, 741, motion for leave to file petition for certiorari denied, 337 U.S. 78, 69 S.Ct. 955, 959. Furthermore, the provisions in the new Code relative to forum non conveniens and transfer of suits from one district to another have been held applicable by the Supreme Court to civil actions brought under Federal statutes which have their own special venue provisions. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959 (Federal Employers Liability Act 45 U.S.C.A. § 51 et seq.); United States v. National City Lines, supra, decided the same day (Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note); see the dissenting opinion in the latter case, as to the effect of these cases on other statutes, including the Jones Act.

■ Venue here is pursuant to the special venue provision of the Jones Act. The action has been brought in "the district in which the defendant employer resides", under the Jones Act as read in the light of the definition of residence in section 1391(c) of the new Judicial Code. There is no judicial repeal of any provision of the Jones Act involved, as the defendant suggests. It is neither new or unusual for a later Congressional statute to affect the meaning of a prior one withot repealing any part of it, or even specifically mentioning it. See, for example, Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045, for the effect of the Longshoremen's and Harborworker's Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., upon the Jones Act as interpreted by International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L. Ed. 157.

■ Inasmuch as venue provisions are procedural rather than substantive in nature, the fact that this case was instituted in this district prior to the effective date of the new Code is immaterial. Statutes relating to procedure apply to pending as well as to future actions. United States v. National City Lines, supra.

Accordingly, the defendant's motion (which must be treated as a motion to dismiss for improper venue) is denied.