## BOUNDS v. STRECKFUS STEAMERS, Inc.
### Civ. A. No. 1250.

United States District Court
D. Delaware.
Jan. 26, 1950.

Sydney Hoffman, of Wilmington, Del., and S. Eldridge Sampliner, of Cleveland, Ohio, for plaintiff.

William Prickett, of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action instituted by a merchant seaman to recover damages under the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688. The defendant is a corporation organized under the laws of the State of Delaware with its principal office in St. Louis, Missouri, and also maintaining an office and doing business in New Orleans, Louisiana. The present questions arise upon motion of the defendant to transfer the action to the Eastern District of Louisiana, New Orleans Division.

As disclosed by the complaint and as corrected by the brief, the plaintiff was a deck hand on the S.S. President engaged in commerce and navigation on the Mississippi River in and about New Orleans. The gravamen of the complaint is that the defendant furnished to the plaintiff such an improper and unsafe place to work and to live that he contracted pulmonary tuberculosis from which he now suffers and is permanently disabled.

The motion is for a transfer of the action under 28 U.S.C.A. § 1404(a), which provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

█ The first question necessarily arising is whether the action could have been originally brought in the District of Louisiana, New Orleans Division.

The Jones Act, 46 U.S.C.A. § 688 (1920), under which the suit is brought, provides that jurisdiction "shall be under the court of the district in which the defendant employer resides or in which his principal office is located." It is obvious that under the exact wording of this Act alone the suit is properly brought in the District of Delaware and could not have been brought in Louisiana.[1] However, the quoted provision of the Jones Act is one of venue.[2] The new judicial code, 28 U.S.C.A. § 1391(c) (1948), provides "a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." It has been expressly determined that the provisions of Sec. 1391(c) apply to cases brought under the Jones Act.[3] The correctness of this view is apparent when it is realized that the benefit to the injured seaman is thus greatly increased, for instead of two forums for the institution of his suit, he has a choice only limited by the business activities of the defendant.

It therefore appears that this suit could have been instituted in Louisiana, New Orleans Division, and the transfer must only depend upon the propriety of such action.

█ The transfer may be made "for the convenience of parties and witnesses, in the interest of justice". The defendant has filed supporting affidavits showing that a transfer should be made for the convenience of parties and witnesses. The plaintiff has filed none. It is apparent that most, if not all, witnesses are in Louisiana and none in or near Delaware. It is equally apparent that questions necessarily arising at the trial involve the actual condition of the living quarters and facilities furnished by the defendant to the plaintiff and alleged as the actionable negligence of the defendant. The vessel is at New Orleans and may be seen by the jury if so desired and ordered. The language of Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, is not inappropriate: "Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

It does not clearly appear where the permanent home of the plaintiff is. He was employed in New Orleans and is now in New Mexico. It does not appear that Delaware, some 800 miles farther from New Mexico than is New Orleans, would or could be more convenient for the plaintiff.

The convenience of parties and witnesses is clearly enhanced by the transfer of the cause to Louisiana. It seems equally clear that the transfer would be in the interest of justice. The interest of justice must largely depend upon the convenience of the parties and witnesses, but in addition in this case, is the fact that the boat itself with the actual accommodations complained of is there available for inspection by jury or witnesses.

It is unnecessary to consider whether this case will be tried solely upon the principles of admiralty or whether any law of the place where the actionable tort occurred, viz., Louisiana, will be given any consideration. If any local law have application, then it must be the law of Louisiana, and it will be manifestly in the interest of justice that such trial be in Louisiana, for it is common knowledge that the basic principles of law in that jurisdiction differ somewhat from principles existing elsewhere.

An appropriate order may be submitted.

1. Burris v. Matson Nav. Co., D.C., 37 F. Supp. 648; Ebanks v. Grace Line, Inc., D.C., 73 F.Supp. 749.

2. Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

3. Bagner v. Blidberg Rothchild Co., D.C., 84 F.Supp. 973.