**HARMON v. BOLAND et al.**

United States District Court
S. D. New York.
May 16, 1950.

**560**

George J. Engelman, New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, New York City, Richards & Coffey, Buffalo, for defendants.

MEDINA, District Judge.

Defendants herein move for an order dismissing the first and second causes of action. The first cause of action is brought under the Jones Act, 46 U.S.C.A. § 688, which requires that such an action be brought in the district where the defendants reside or where they maintain their principal office. The requirement is one of venue and not of jurisdiction. Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748. If the cause of action under the Jones Act is dismissed for improper venue, defendants claim that the second cause of action must fall for lack of any allegation showing the necessary jurisdictional amount of plaintiff's claim for relief.

Defendants' affidavits establish that the principal office of the defendants and their respective places of residence are in the Western District of New York and not in this District.

Plaintiff urges, however, that by virtue of § 81 of the New York Partnership Law, McK.Consol.Laws, c. 39, defendants must be deemed to have their principal office in this District. That Section requires that persons using a partnership name sign and acknowledge or swear to a certificate declaring their intention to deal under such name, and file the same "in the clerk's office of the county where the principal place of business is located." Such a certificate was filed by defendants in the County of New York on September 18, 1939 and has not been revoked or cancelled.

It does not follow, however, that the venue here is proper. 46 U.S.C.A. § 688 lays the venue in the district where the principal office is located or the district in which the defendant employer resides. It has been held that the "principal place of business" is not necessarily the place where defendant's "principal office" is located. Caceres v. United States Shipping Board Emergency Fleet Corp., D.C.E.D. N.Y. 1924, 299 F. 968; see Ebanks v. Grace Line, Inc., D.C.S.D.N.Y. 1947, 73 F.Supp. 749, 750. It follows that defendants' certificate filed pursuant to the provisions of § 81 of the New York Partnership Law does not render them amenable to suit in this District under 46 U.S.C.A. § 688. The evidence before me here leaves me no alternative other than to hold that the principal office of the defendants is in Buffalo, New York.

Waiver of the venue privilege in prior cases does not constitute a waiver of the privilege in this case. Burris v. Matson Nav. Co., D.C.S.D.N.Y. 1940, 37 F.Supp. 648. As the venue should have been laid in the Western District of New York, I hold that the venue here is improper.

Title 28 U.S.C.A. § 1406 provides: "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

I find that it would be in the interest of justice to transfer this action rather than to dismiss it. The case will, accordingly,

be transferred to the Western District of New York.

In view of the disposition of the motion to dismiss the first cause of action, the motion to dismiss the second cause of action is denied.

Settle order on notice.