Benjamin B. Sterling, New York City, Betty H. Olchin, New York City, of counsel, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

## PHILLIPS v. POPE & TALBOT, Inc.

United States District Court
S. D. New York.

Jan. 16, 1952.

WEINFELD, District Judge.

Plaintiff moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C. to strike the fourth separate and complete defense of the answer as insufficient in law.

In substance, this defense alleges that the defendant is a corporation organized and existing under the laws of California, with its principal office in that State; that it neither resides nor has its principal office in this district; and that the venue is improper under the Jones Act. For the purposes of this motion, it appears to be conceded that the defendant is doing business in this district.

The venue provision of the Jones Act is as follows: "* * * jurisdiction * * * shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C.A. § 688.

Section 1391(c) of Title 28 United States Code, the general venue statute, defines the "residence" of a corporation for purposes of venue: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The issue is whether the definition of "residence" in this general venue statute enlarges the concept of "residence" as it appears in the Jones Act.

52

■■ I have heretofore held that the general venue provisions in New Title 28, Section 1391 et seq., effective September 1, 1948, are supplementary to, and not in limitation of, the venue provisions contained in the anti-trust laws and other special statutes. See Anderson-Friberg, Inc. v. Justin R. Clary & Son, D.C., 98 F.Supp. 75, 83. The Jones Act is such a special statute to which the general venue provisions of Section 1391 are applicable. So construed, Section 1391(c) extends the term "residence" in the Jones Act so that a corporation may be sued in the judicial district wherein it is doing business or licensed to do business. See also Bagner v. Blidberg Rothchild Co., Inc., D.C., 84 F.Supp. 973; Bounds v. Streckfus Steamers, Inc., D.C., 89 F.Supp. 242; Mincy v. Detroit & Cleveland Navigation Co., D.C.S.D. N.Y., 94 F.Supp. 456.

Absent a clear expression of intent by the Congress to confine a litigant to the special venue provisions of the Jones Act, he should not be deprived of the extended provisions of the general venue statute. No such intention appears.

The motion is granted. Settle order on notice.