**ANDERSON v. BUCKEYE S. S. CO.**

Civ. No. 5690.

United States District Court
W. D. New York.

Nov. 4, 1953.

Norman B. Lewis, Buffalo, N. Y., William A. Blank, Brooklyn, N. Y., of counsel, for plaintiff.

Richards & Coffey, Buffalo, N. Y., Fenton F. Harrison, Buffalo, N. Y., of counsel, for defendant.

KNIGHT, Chief Judge.

Defendant has moved "for an order to dismiss this action, or in the alternative, to transfer this action to the United States District Court for the Northern District of Ohio, Eastern Division, or in the alternative, for a more definite statement, and for such other and further relief as to this Court may seem proper."

In view of the provisions of 28 U.S.C.A. § 1391(c) the motion to dismiss this action must be denied. Bagner v. Blidberg Rothchild Co., D.C.Pa., 84 F.Supp. 973, 1949 A.M.C. 1627. The motion to transfer this action to the Ohio Court must be denied for the reason defendant has failed to show that the doctrine of forum non conveniens should be applied. The plaintiff's choice of forum should prevail unless the balance is strongly in favor of defendant. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Cox v. Pennsylvania R. Co., D.C.N.Y., 72 F. Supp. 278. Plaintiff's counsel stated upon the argument, and from plaintiff's

affidavit verified October 26, 1953, it appears that trial of the action in the Ohio court would not be reached for a period of two years, while trial could promptly be had in this court.

As to the motion for a more definite statement, examination of the complaint does not reveal a pleading in which the pleader has failed to observe the general rules of pleading, i. e., jurisdiction, "a short and plain statement of the claim" and a demand for judgment. Federal Rules of Civil Procedure, Rule 8, 28 U.S.C.A.; United States v. Warner, D.C.Pa., 8 F.R.D. 196. The motion for a more definite statement is denied.

Present order.