**Floyd GARLAND, Plaintiff,**

v.

**ALASKA STEAMSHIP COMPANY,
a corporation, Defendant.**

**No. A–15–60.**

United States District Court
D. Alaska,
at Anchorage.
June 15, 1961.

Bell, Sanders & Tallman, Anchorage, Alaska, for plaintiff.

John E. Manders, Anchorage, Alaska, for defendant.

HODGE, District Judge.

Plaintiff seeks to recover by this action damages for personal injuries claimed to have been suffered by him while employed by the defendant Alaska Steamship Company aboard the defendant's vessel S. S. Illiamna while tied at the dock at Seward, Alaska, where it was unloading freight. His first cause of action is founded upon the Jones Act (Section 688, Title 46 U.S.C.A.), which provides a remedy to "any seaman who shall suffer personal injury in the course of his employment," to maintain an action for damages at law, at his election. The complaint first alleges that plaintiff was employed at Seward as "a longshoreman" but adds "that on the 8th day of June, 1958, this plaintiff was

employed by the defendant, Alaska Steamship Company, doing regular seaman's work as a part of the crew of the 'S. S. Illiamna,' " during the course of which employment he was injured by being knocked down by a heavy van being swung against him by the hoist cables of the vessel, alleging unseaworthiness of the vessel. The defendant, by its answer, admitted that plaintiff had worked for a long time as a longshoreman but denied that plaintiff was doing regular seaman's work as a part of the crew of the vessel. In answer to interrogatories propounded to plaintiff by defendant he further expressly states that he was employed by the officers of the vessel as a part of its crew engaged in unloading the vessel. Further, in answer to such interrogatories, plaintiff expressly denied that he had received any compensation for work loss due to the injuries claimed in accordance with the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Plaintiff also alleges diversity of citizenship, and it is conceded that the principal office of the defendant corporation is in the State of Washington.

At a pre-trial conference the following issues of law raised by the defendant were submitted to the Court for determination prior to trial:

(1) Whether or not this case, if properly brought under the provisions of the Jones Act, is brought in the proper district;

(2) Or, if the court has jurisdiction of the case, instead, by reason of diversity of citizenship (Section 1332, Title 28 U.S.C.A.), whether or not the suit is brought in the proper district; and

(3) Whether or not plaintiff has a remedy under the Jones Act or whether he has, instead, an exclusive remedy under the Longshoremen's and Harbor Workers' Act (Section 905, Title 33 U.S.C.A.).

The section of the Jones Act referred to contains this provision:

"Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

■ Plaintiff first contends, and I believe correctly, that the above-quoted provision relates to venue only and that such provision merely confers on the defendant a personal privilege as to suit in the district of his or its residence, which he may assert or may waive, and that a general appearance by answer constitutes such a waiver. Panama R. R. Co. v. Johnson, 1924, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Goetz v. Interlake S. S. Co., D.C.N.Y.1931, 47 F.2d 753; Caceres v. United States Shipping Board E. F. Corp., D.C.N.Y.1924, 299 F. 968; Commercial Trust Co. v. United States Shipping Board E. F. Corp., 2 Cir., 1931, 48 F.2d 113; Leffellad v. Detroit & Cleveland Nav. Co., D.C.N.Y., 16 F.2d 1011.

■ However, this question now appears to be moot in view of the decisions under the judicial code of 1948. Section 1391(c) of Title 28 U.S.C.A. of such code provides as to venue of the district courts generally that:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

It appears to be now well settled that this provision, expanding the definition of the residence of a corporation to include districts in which it is doing business, is applicable to cases under the Jones Act and authorizes the bringing of an action in the court of the district other than the one in which the corporate employer has its principal office. Bagner v. Blidberg Rothchild Co., D.C.Pa.1949, 84 F. Supp. 973; Bounds v. Streckfus Steamers, D.C.Del.1950, 89 F.Supp. 242; Phillips v. Pope & Talbot, Inc., D.C.N.Y. 1952, 102 F.Supp. 51. The Circuit Court of Appeals for the 9th Circuit recognized this principle in the case of Hutchison v. Pacific-Atlantic Steamship Co., 217 F.

2d 384, at page 386, being an action under the Jones Act in which the court stated:

"The question of lack of venue is raised by appellee. This contention boils down to a solution of whether appellee was doing business within the Southern District of California."

The court then held that this was a matter of evidence.

■ In the case at bar it is conceded that the defendant Alaska Steamship Company is doing business in this district. The venue of the action is therefore properly laid in this district under the Jones Act.

■ The next question is whether or not the plaintiff has a remedy under the Jones Act. The Longshoremen's and Harbor Workers' Act specifically excludes from its provisions the master or members of the crew of any vessel (Sec. 902, Title 33 U.S.C.A.). It is equally well settled that a longshoreman is not precluded from filing an action for damages under the Jones Act where he is doing work aboard ship "traditionally performed by seamen" or work formerly done by seamen, such as stowing or unloading cargo while aboard the vessel. International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Crumady v. The J. H. Fisser et al., 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413; Summerlin v. Massman Construction Co., 4 Cir., 199 F.2d 715. This is especially true where, as claimed here, no compensation benefits have in fact been accepted by the employee. Wilkes v. Mississippi River Sand and Gravel Co., 6 Cir., 202 F.2d 383.

In the Haverty case the Supreme Court stated:

"It is true that for most purposes, as the word is commonly used, stevedores are not 'seamen.' But words are flexible. The work upon which the plaintiff was engaged was a maritime service formerly rendered by the ship's crew. Atlantic Transport Co. [of West Virginia] v. Imbrovek, 234 U.S. 52, 62 [34 S.Ct. 733, 58 L.Ed. 1208, 51 L.R.A.(N.S.) 1157]. We cannot believe that Congress willingly would have allowed the protection to men engaged upon the same maritime duties to vary with the accident of their being employed by a stevedore rather than by the ship. The policy of the statute is directed to the safety of the men and to treating compensation for injuries to them as properly part of the cost of the business. If they should be protected in the one case they should be in the other. In view of the broad field in which Congress has disapproved and changed the rule introduced into the common law within less than a century, we are of opinion that a wider scope should be given to the words of the act, and that in this statute 'seaman' is to be taken to include stevedores employed in maritime work on navigable waters as the plaintiff was, whatever it might mean in laws of a different kind."

This opinion is expressly approved in the Sieracki case, stating that "The Haverty case is of special importance," [328 U.S. 85, 66 S.Ct. 878] and expressly affirming the decision in the case of Atlantic Transport Co. v. Imbrovek cited above to the effect that "and so an injury to a stevedore comes within the classification of a marine tort."

Under the pleadings in this case the issue as to whether or not the plaintiff was at the time of his injury engaged in duties traditionally or previously performed by seamen is a question of fact to be put to the jury upon proper instructions. If the facts pleaded in his complaint are proven to be true, plaintiff is entitled to relief under the Jones Act.

Plaintiff, by a second and additional cause of action, claims liability of the defendant under the general law of negligence; and as a third and further cause of action claims such liability under the laws of the State of Alaska relating to

the operation of defective, insufficient or dangerous machinery. In view of the Court's decision upon the issues above discussed, these alternative claims need not now be considered.

The further question as to the jurisdiction of this court by reason of diversity of citizenship also need not be considered.