Floyd GARLAND, Libelant,

v.

THE S.S. ILLIAMNA, Her Boilers, Engines, Appurtenances and Equipment, and Alaska Steamship Company, a corporation, Its Owner and Operator, Respondents.

No. A-7-61.

United States District Court
D. Alaska,
at Anchorage.
Oct. 13, 1961.

Bell, Sanders & Tallman, Anchorage, Alaska, for libelant.

John E. Manders, Anchorage, Alaska, for respondents.

HODGE, Chief Judge.

The libelant, for some years employed on the docks at Seward, Alaska, as a longshoreman,[1] has filed a libel in rem against the vessel and in personam against the ship owner, his employer, claiming damages for personal injuries sustained by him while engaged in unloading freight from the S. S. Illiamna while tied at the dock at Seward, alleging both negligence and unseaworthiness of the vessel. The libel recites that on the date of his injury he was employed by the respondent steamship company "doing regular seaman's work as a part of the crew of the S. S. Illiamna," and "that during the night or early in the morning of July ·8, 1958, this libelant was a member of the crew connecting the hoists to large vans loaded with merchandise" and that his injuries occurred when struck by one of the vans affixed to hoist cables operated by cranes of the vessel.

Respondents filed exceptions to the libel upon the grounds that it fails to state a cause of action in that, at the time of his injury, the libelant was employed as a longshoreman and harbor worker aboard the Illiamna, and that his sole and exclusive remedy for his injury is under the terms and provisions of the Longshoremen's and Harbor Workers' Act (Act of March 4, 1927, 44 Stat. 1424; Sec. 901 et seq., Title 33 U.S.C.A.). Respondents also filed "exceptive allegations" to the libel setting forth the same claim and alleging that the respondent steamship company had complied in all respects with the terms and obligations of the Act, especially Sec. 5 thereof, in that it had secured the payment of compensation to the injured employee. Respondents also filed an affidavit of counsel in support thereof alleging further that libelant was paid compensation under the Longshoremen's and Harbor Workers' Compensation Act as an employee of the respondent steamship company covering the period from October 21 to November 3, 1958, and also received medical and hospital benefits under said Act on account of the injuries complained of. There were filed affidavits of officers of the United States Department of Labor, Bureau of Employees' Compensation, the claim adjuster of the Alaska Steamship Company, and the marine secretary of the Fireman's Fund Insurance Company to the effect that respondent steamship

1. See allegations in complaint in D.C., 194 F.Supp. 792, hereinafter referred to.

company did secure compensation under the provisions of the Act, that libelant had been paid compensation in the total amount of $117.50 for the period mentioned and that he was employed as a longshoreman aboard the vessel at the time of his injury.

In response thereto libelant filed an affidavit denying that he had ever received or knowingly accepted any compensation or any medical or hospital services by reason of such injury and further denying, on information and belief, that the respondent steamship company had secured payment of compensation as required by the Act.

The pertinent portions of the Act referred to are as follows:

"Sec. 902. Definitions.

"When used in this chapter—
* * *

"(3) The term 'employee' does not include a master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net."

"Sec. 903. Coverage.

"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. No compensation shall be payable in respect of the disability or death of—

"(1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net; or * *."

"Sec. 905. Exclusiveness of liability.

"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, * * * at law or in admiralty on account of such injury * * * except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, * * * may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury * * *."

In a companion case to the one at bar, Garland v. Alaska Steamship Company, in which the libelant seeks to recover damages for the same injury under the provisions of the Jones Act (Sec. 688, Title 46 U.S.C.A.), this Court, in an opinion rendered June 15, 1961, (194 F.Supp. 792, 794), held that a longshoreman is not precluded from filing an action for damages under such Act where he is doing work aboard ship "traditionally performed by seamen," citing International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, and other cases. Although the conclusion of the Court that the issue as to whether or not the plaintiff was at the time of his injury engaged in the duties of a seaman is a question of fact to be put to the jury was probably correct, it is necessary to re-examine the holding as to the Haverty case in the light of further research and subsequent decisions referred to in the brief of the respondents. In fact, the Haverty case was decided some six months prior to the passage of the Longshoremen's and Harbor Workers' Act. It is now abundantly clear that the effect of the provisions of Secs. 3 and 5 of the Longshoremen's and Harbor Workers' Compensation Act is to confine the benefits of the Jones Act against an employer of the person injured to masters or members of the crew of a vessel plying in navigable waters and to substitute for the right of recovery recognized in the Haverty case only such rights to compensation as are given by the Longshoremen's Act; and that this Act excludes from its terms and from the benefits of the Jones Act any remedies against the employer, excepting only the master and

members of the crew of a vessel. Swanson v. Marra Bros., 1946, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045; Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Rackus v. Moore-McCormack Lines, D.C.Pa.1949, 85 F.Supp. 185; Conzo v. Moore-McCormack Lines, D.C.N.Y.1953, 114 F.Supp. 956.

■ Similarly it is held that a longshoreman injured aboard a ship may not maintain a libel in rem against the ship or in personam against is owner on the grounds of negligence or unseaworthiness where the respondent vessel is owned by the libelant's employer and where the employer has secured the payment of compensation under the Longshoremen's and Harbor Workers' Compensation Act. Samuels v. Munson S. S. Line, 5 Cir., 1933, 63 F.2d 861; Smith v. The Mormacdale, 3 Cir., 1952, 198 F.2d 849; Bennett v. The Mormacteal, D.C.N.Y. 1957, 160 F.Supp. 840, affirmed 2 Cir., 254 F.2d 138, certiorari denied 358 U.S. 817, 79 S.Ct. 26, 3 L.Ed.2d 59; Bynum v. The S. S. Mormacteal, D.C.Pa.1960, 188 F.Supp. 763.

The rule is otherwise where the action by the longshoreman is against third persons, which remedy is expressly reserved under Sec. 33 of the Longshoremen's Act. Seas Shipping Co. v. Sieracki, supra; Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413; Kulukundis v. Strand, 9 Cir., 1953, 202 F.2d 708.[2]

The distinction between a "seaman" within the meaning of the Jones Act and a "member of the crew" within the exception of the Longshoremen's Act, together with a history of this legislation, is fully explained in a decision of the Supreme Court in 1940 in the case of South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, in which the court holds that the

Longshoremen's Act provided compensation for a class of employees that work on a vessel in navigable waters who, although they might be classed as seamen under the Haverty case, were still regarded as distinct from members of a crew (309 U.S. at page 260, 60 S.Ct. at page 549).

The issue thus raised is whether or not the libelant, at the time of his injury, was a "longshoreman" employed by the respondent steamship company, as to whom the liability of the employer is exclusive under the provisions of Section 5 of the Act, or whether he was at such time and place a "member of a crew" of the vessel, excluded from coverage under the Act.

■ A further question arises as to the extent to which the Court may consider exceptions and exceptive allegations to the libel and/or the affidavits in connection therewith. There is no express provision by statute or rule for exceptive allegations, but such have been recognized under the liberal practice in admiralty to bring before the court "facts judicially known to the court," or where the facts pleaded in the libel are insufficient, or where the allegations are not controverted, denied or otherwise explained or avoided by the other party. But exceptive allegations, if denied or avoided, should not be the basis of summary action; and affidavits submitted by the parties, where contradicted or denied, may not be considered. The Seminole, D.C., 42 F. 924; Suspine et al. v. Compania Transatlantica Centroamericana, D.C., 37 F.Supp. 263; Olsen v. Alaska Packers Ass'n, 9 Cir., 114 F.2d 364; Richfield Oil Corporation v. U. S., 9 Cir., 248 F.2d 217; North American Smelting Co. v. Moller S. S. Co., D.C., 95 F.Supp. 71; Ellis v. Gulf Oil Corporation, D.C., 48 F.Supp. 771; Hernandez v. The S. S. Flying Arrow, D.C., 181 F.Supp. 951.

2. A further case relied upon by libelant of Skovgaard v. The M/V Tungus, 3 Cir., 252 F.2d 14, 19, relating to the liability for wrongful death occurring on navigable waters within a state under the New Jersey wrongful death act is not applicable here, although it does recognize the "assimilation * * * of a longshoreman to the position of seaman so far as unseaworthiness is concerned," which did not take away his right of recovery against a third person under the Seas Shipping Co. v. Sieracki case, supra.

It appears that this issue must be determined upon trial as an issue of fact. The exceptions, therefore, are overruled. It is suggested in the Suspine and Hernandez cases, above, that the parties may seek a preliminary trial of this issue. This procedure will be adopted, providing the parties assent thereto, for trial first of the issue of whether or not on the date of his injury libelant was a member of the crew of the vessel or was a longshoreman covered by the provisions of the Harbor Workers' and Longshoremen's Act.