**Norris WHITE, Plaintiff,**

v.

**WAXLER TOWING COMPANY, Inc.,**
**a corporation, Defendant.**

**No. 65 C 282.**

United States District Court
N. D. Illinois, E. D.
June 11, 1965.

Jay L. Horberg, Chicago, Ill., for plaintiff.

Lord, Bissell & Brook, Chicago, Ill., for defendant.

MAROVITZ, District Judge.

Motion of defendant to quash service and/or to dismiss.

This action arises under the Merchant Marine Act of 1920, commonly known as

---

the Jones Act, Sec. 688, Title 46, U.S.C. In essence, it is alleged that defendant negligently allowed the deck of the "Eddie Waxler," a vessel employed in the business of commerce upon the navigable waters, to become slippery and covered with debris, causing plaintiff, a seaman in the employ of defendant, to stumble and fall. Plaintiff seeks damages for injuries caused by the alleged negligence, and alleged unseaworthiness of the vessel involved, in the amount of $75,000.00.

Defendant has moved to quash service of process made on a vessel captain employed by it, and to dismiss for lack of proper venue.

In the instant case both the Jones Act negligence and unseaworthiness claims are contained in the same Count. The same damages are sought for the single injury alleged. On this issue the Supreme Court has spoken in Pacific Steamship Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220 (1928):

> "[W]hether or not the seaman's injuries [are] occasioned by the unseaworthiness of the vessel or by the negligence of the master or members of the crew, or both combined, there is but a single wrongful invasion of his primary right of bodily safety and but a single legal wrong (citing Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927) for which he is entitled to but one indemnity by way of compensatory damages."

Thus, it follows that while a seaman may plead and go to trial on both theories of liability, he must elect to present his entire cause of action either as a civil action under the Jones Act or as a libel in Admiralty. Leith v. Oil Transport Co., (3rd Cir., 1963) 321 F.2d 591; Balado v. Lykes Bros., (2d Cir., 1950) 179 F.2d 943. A reading of the complaint before us demonstrates that plaintiff has elected to rely principally on his Jones Act claim. (See Para. 1 of Complaint.)

When a Jones Act claim is combined with unseaworthiness allegations, and filed as a civil action, as here, the venue provisions of the Jones Act are controlling. Cf. Panama R. R. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924). That venue section (Sec. 688, Title 46, U.S.C.) reads as follows:

> "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

It is well-settled, to begin, that despite the use of the word, "jurisdiction," the above quoted portion of Sec. 688 is to be interpreted as a venue provision. Harmon v. Boland, (D.C.N.Y., 1950) 90 F.Supp. 559, 1950 A.M.C. 962. Branic v. Wheeling Corp. (3rd Cir., 1945) 152 F.2d 887, 889. Applying the literal language of the statute, it is clear that this action is improperly laid in the Northern District of Illinois, in light of the long-standing rule that for venue purposes a corporation "resides" only in the State in which it is incorporated. Suttle v. Reich Bros. Construc. Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1948). That is, the affidavits and answers to interrogatories filed by the parties in this cause reveal that while defendant corporation has operated a number of vessels on navigable waters in Illinois in 1964 and 1965, the defendant itself is incorporated in *Tennessee,* has its principal place of business in Memphis in that State, and maintains no regular office or place of business in Illinois.

Plaintiff, however, argues that when determining proper venue, the general venue provisions of Sec. 1391(c), Title 28, U.S.C. must be read into the limited language of Sec. 688. Section 1391(c) provides, inter alia, that a corporation may be sued in any judicial district in which it is "doing business" and that such judicial district shall be regarded as the *residence* of such corporation for venue purposes.

Without reaching the "doing business" question as it relates to defendant here, this Court must reject plaintiff's argument. While the cases are split

on this issue, (See Garland v. Alaska Steamship Co., (D.C.Alas., 1961) 194 F. Supp. 792; Phillips v. Pope & Talbott, Inc., (D.C.N.Y., 1952) 102 F.Supp. 51), we are much impressed with the sound legal reasoning of Judge William Hastie in Leith v. Oil Transport Co., supra, 331 F.2d at p. 593, rejecting the same argument made by plaintiff here. Judge Hastie argues, and we concur, that an analogy can be drawn to the Supreme Court's ruling in Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). In that case the Court held that Section 1391(c) had no effect upon the special patent infringement venue statute, which like the Jones Act, provides for suit in the district "where the defendant resides." (Sec. 1400(b), Title 28, U.S.C.) Cf. Goldlawr Inc. v. Shubert (D.C.Pa., 1958) 169 F.Supp. 677, 680 (special venue provisions of the Clayton Act); United Transit Co. v. United States (D.C.Tenn., 1957) 158 F.Supp. 856 (special venue provisions for tax refund suits).

Section 1400(b), it might be noted clearly suggests that "residence" except when otherwise defined, must be given the strict classical reading (state of incorporation), for where the defendant does not "reside" in the district where suit is brought, plaintiff must show that he has committed acts of infringement there in addition to carrying on a "regular and established place of business." Similarly, if "residence" were to be given the Sec. 1391(c) definition, as plaintiff proposes, there would be no reason to specify, as Section 688 does, that a suit may be brought *also* in the district in which defendant's *"principal office is located."* For, *a fortiori*, defendant must always be "doing business" at his principal office.

In light of the analogous Court pronouncements, and the language of Section 1391(c), which provides that civil actions wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the district where all defendants reside, *except as otherwise*

*provided by law,* we see no reason to alter the statutory language of the Jones Act.

Accordingly, it is the opinion of this Court that venue is improperly laid in the Northern District of Illinois, and the complaint must be dismissed.

It must be noted, however, that this dismissal is without prejudice to plaintiff's rights to file anew in Admiralty under the unseaworthiness theory alone, if effective service can be made, or to file a Jones Act suit in another district where venue may be more proper.