**BANNON v. SEABOARD AIR LINE RY. CO. et al.**

District Court, S. D. Georgia, Savannah Division.

July 26, 1930.

Lewis A. Mills and Henry McAleer, both of Savannah, Ga., for plaintiff.

Anderson, Cann & Cann, of Savannah, Ga., for defendants.

BARRETT, District Judge.

The Seaboard Air Line Railway Company moves to quash this libel as to it because it is not subject to proceedings in personam for the alleged cause of action elsewhere than where it resides or has its principal place of business, both of which are in the state of Virginia.

Section 688, title 46, USCA, reads as follows: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

This suit affirmatively plants its right of action on such section.

The Supreme Court of the United States had this law under consideration in the case of Panama R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. The determination of the precise question here presented was not required or made, but certain principles were determined which seem controlling here.

"Jurisdiction," in the last sentence, "relates only to venue" and on page 388 of 264 U. S., 44 S. Ct. 391, 394: "Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seamen to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some non-maritime system."

The alternative was to proceed for maintenance and cure under the maritime law or for compensatory damages under this statute. In the Johnson Case, supra, page 391 of 264 U. S., 44 S. Ct. 391, 395, we find: "The injured seaman is permitted, but not required, to proceed on the common-law side of the court with a trial by jury as an incident. The words 'in such action' in the succeeding clause are all that are troublesome. But we do not regard them as meaning that the seaman may have the benefit of the new rules if he sues on the law side of the court, but not if he sues on the admiralty side. Such a distinction would be so unreasonable that we are unwilling to attribute to Congress a purpose to make it. A more reasonable view, consistent with the spirit and purpose of the statute as a whole, is that the words are used in the sense of 'an action to recover damages for such injuries,' the emphasis being on the object of the suit rather than the jurisdiction in which it is brought. So we think the reference is to all actions brought to recover compensatory damages under the new rules as distinguished from the allowances covered by the old rules, usually consisting of wages and the expense of maintenance and cure. See The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; The Iroquois, 194 U. S. 240, 24 S. Ct. 640, 48 L. Ed. 955; Chelentis v. Luckenbach Steamship Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171. In this view the statute leaves the injured seaman free under the general law—sections 24 (par. 3) and 256 (par. 3) of the Judicial

Code [28 USCA §§ 41 (3), 371, par. Third] —to assert his right of action under the new rules on the admiralty side of the court. On that side the issues will be tried by the court, but if he sues on the common-law side there will be a right of trial by jury. So construed, the statute does not encroach on the admiralty jurisdiction intended by the Constitution, but permits that jurisdiction to be invoked and exercised as it has been from the beginning."

The above interpretation having been given to the words "in such action," it seems inescapable that the identical interpretation must control as to the words "in such action" in the last sentence. The inevitable result is that the motion to quash must be sustained.