**The ZONOLITE COMPANY, Plaintiff,**

v.

**UNITED STATES of America et al., Defendant.**

**Civ. A. No. 62-261.**

United States District Court
W. D. Pennsylvania.

Sept. 28, 1962.

Samuel P. Delisi, Pittsburgh, Pa., for plaintiff.

Gordon E. Neuenschwander, Pittsburgh, Pa., for Railroads.

Fritz R. Kahn, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for I. C. C.

SORG, District Judge.

This is an action under the provisions of 28 U.S.C.A., §§ 1336, 1398, 49 U.S.C.A. § 17(9), and 5 U.S.C.A. § 1009, to set aside an order of the Interstate Commerce Commission, dated December 14, 1961, by which the Commission denied the plaintiff's claim for reparation of freight charges on numerous shipments of crude vermiculite. In its answer the United States stated that it would not participate in the defense of the Commission's order nor would it oppose it. The Interstate Commerce Commission and 46 railroads who were defendants in the proceedings before the Commission were granted leave to intervene as defendants in this action. Both the Commission and the intervening railroads have moved to dismiss the complaint under the pro-

visions of 28 U.S.C.A. § 1398 which states as follows:

> "Except as otherwise provided by law, any civil action to enforce, suspend or set aside in whole or in part an order of the Interstate Commerce Commission shall be brought only in the judicial district wherein is the residence or principal office of any of the parties bringing such action."

Plaintiff's complaint alleges that it is a "corporation duly organized and existing under the laws of the State of Montana, having its principal office and place of business at Chicago, Illinois, and having processing plants at numerous points in the United States, including one at Sharpsburg, Pennsylvania, thus making said plaintiff a resident of this judicial district * * *".

Plaintiff admits that its principal place of business is not in this district but is in Chicago, Illinois. The intervening defendants contend that a corporation "resides" only in a judicial district of the state of its incorporation and that plaintiff has no "residence" in this judicial district by reason of its processing plant at Sharpsburg, Pennsylvania.

In Seaboard Rice Milling Company v. Chicago, Rock Island & Pacific Railway Co., 270 U.S. 363, 46 S.Ct. 247, 70 L. Ed. 633 (1926) the court stated:

> "It is immaterial whether the general federal jurisdiction in the present suit is founded upon diversity of citizenship alone, or whether the suit is also one arising under the laws of the United States, since neither the Milling Company nor the Railway Company is a resident of the Eastern District of Missouri; a corporation being, within the meaning of the jurisdictional statutes, a resident of the State in which it is incorporated, and not a resident or inhabitant of any other State, although it may be engaged in business within such other State."

In Suttle v. Reich Bros. Const. Co., 333 U.S. 163, 166, 68 S.Ct. 587, 589, 92 L. Ed. 614 (1947) the court stated as follows:

> " * * * The sole issue of this case relates to the construction of the term 'residence,' appearing in the particular federal venue statutes under consideration, as it applies to a foreign corporation.

> "The 'residence' of a corporation, within the meaning of these statutes has frequently been the subject of consideration by this Court for a period of over half a century. Shortly after Congress had enacted § 51 of the Judicial Code in substantially its present form, this Court declared that the 'residence' of a corporation, within the meaning of the venue statutes, is only in 'the State and district in which it has been incorporated.' Thus in Shaw v. Quincy Mining Co., 145 U.S. 444, 450 [12 S.Ct. 935, 36 L.Ed. 768] (1892), it was said: 'This statement has been often reaffirmed by this court, with some change of phrase, but always retaining the idea that the legal existence, the home, the domicil, the habitat, the residence, the citizenship of the corporation can only be in the State by which it was created, although it may do business in other States whose laws permit it.'

> "For almost sixty years, in an unbroken line of decisions, this Court has applied the same construction. That view was reaffirmed as recently as 1946 in the opinion of the Court in Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 441 [66 S.Ct. 242, 90 L.Ed. 185].

> "Congress has revealed a similar understanding of the term 'residence' when enacting special venue statutes in situations in which it was intended that, at the election of the plaintiff, a corporation should become amenable to suit either in the State of incorporation or in

States in which it is carrying on corporate activities. In those statutes, Congress has provided that the venue of such suits should be located not only in the district in which the corporation is a 'resident' or an 'inhabitant,' but also in districts in which it may be 'found,' 'transacts business,' or has an agent to receive service of process."

28 U.S.C.A. § 1391(c) provides as follows:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be. regarded as the residence of such corporation for venue purposes."

■ Section 1398 is a special statute fixing the venue for actions brought to review orders of the Interstate Commerce Commission and makes venue depend upon the "residence" of the plaintiff. Section 1391(c) is a general venue statute applicable to suits against corporations as defendants and as such has no application to and does not enlarge the meaning of the provisions of Section 1398. As the court stated in Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 228, 77 S.Ct. 787, 791, 1 L.Ed.2d 786 (1956):

"We think it is clear that § 1391 (c) is a general corporation venue statute, whereas § 1400(b) is a special venue statute applicable, specifically, to all defendants in a particular type of actions, i. e., patent infringement actions. In these circumstances the law is settled that 'However inclusive may be the general language of a statute, it "will not be held to apply to a matter specifically dealt with in another part of the same enactment. * * Specific terms prevail over the general in the same or another stat-

ute which might otherwise be controlling." ' "

Accord Kaeppler v. James H. Matthews & Co., 180 F.Supp. 691 (E.D.Pa.1960).

Plaintiff relies upon West York Coach Lines Ltd. v. United States of America 9 Federal Carriers Cases 2383 (D.C., N. Dist.Ohio 1953) in which the court held that since plaintiff, a Canadian corporation, was permitted to apply for and be granted a certificate of convenience and necessity by the Interstate Commerce Commission for operation in the United States, it has the right to judicial review of the Commission's order. Without discussion of the provisions of 28 U.S.C.A. § 1398, or of the basis of its conclusion, the court stated "For the purpose of decision we hold that venue may properly be laid here." The court does not state the location of plaintiff's principal place of business. If it were within the court's judicial district, venue was clearly proper there under the provisions of Section 1398.

■ Insofar as it may be considered a decision that a corporation's "residence" under Section 1398 may be in other than the place of its incorporation, it is contrary to the decisions of the United States Supreme Court and this court cannot accept it. Moreover, the court may have been guided by the fact that to dismiss the action on venue grounds under Section 1398 would effectively foreclose any review of the Commission's order to which plaintiff had a substantive right, because plaintiff, as a Canadian corporation, would lack any forum in which to bring his action. That is not the situation in this case. Plaintiff herein may properly bring this action either in Montana, the state of its incorporation, or in the proper district in Illinois in which its principal place of business is located.

The motions of the intervening defendants to dismiss will be granted.