Eugene **BLANCO**

v.

**GULF COAST TRANSPORTATION, INC., and Delta Mud and Chemical Company.**

No. 10296.

United States District Court
W. D. Louisiana,
Lafayette Division.

Oct. 27, 1964.

198

Rhodes & Hunter, William D. Hunter, Berwick, La., for plaintiff.

Lemle & Kelleher, G. A. Frilot, III, and Phelps, Dunbar, Marks, Claverie & Sims, David D. Plater, New Orleans, La., for defendant Gulf Coast Transportation, Inc.

Davidson, Meaux, Onebane & Donohoe, John Allen Bernard, Lafayette, La., for defendant Delta Mud & Chemical Co.

PUTNAM, District Judge.

This is a motion to dismiss a Jones Act complaint for improper venue. Title 46 U.S.C.A. § 688 provides that the action provided for therein may be brought where defendant resides, or where his principal place of business is located. Defendant argues this to be the sole special venue provision applicable to Jones Act cases, unaffected by 28 U.S.C.A. § 1391(c) of the Judicial Code.

The decision of the Third Circuit Court of Appeals in Leith v. Oil Transport Co., 321 F.2d 591 (1963) supports defendant's position. This case relied upon the doctrine of Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), which held unequivocally that § 1391(c) had no application to actions brought for patent violations under 28 U.S.C.A. § 1400, as the special venue section of the Judicial Code prevailed over the general provisions pertaining to venue in the same statute, which otherwise might be controlling. The Court in Leith, supra, found no reason to distinguish the Jones Act from the situation presented in Fourco.

Prior to the Fourco decision, the Courts had uniformly held that § 1391 (c) enlarged the definition of corporate residence contained in the Jones Act, thereby permitting claimants under that act to sue in the district of a corporate defendant's incorporation, where it was licensed to do business, or wherever it actually was doing business.[1] Complainant rests his position on these decisions.

---

1. Connolly v. Farrell Lines, Inc., 268 F.2d 653, 657 n. 2 (1st Cir. 1959), cert. den. 361 U.S. 902, 80 S.Ct. 208, 4 L.Ed.2d 158 (1959); Hutchison v. Pacific-Atlantic S. S. Co., 217 F.2d 384, 387 (9 Cir.

For the purposes of this motion, it may be considered as conceded that (1) defendant corporation does not "reside" in the Western District (2) it does not maintain its principal place of business here, but (3) it is or was doing business in this district at the time this action was commenced.

After the adoption of the Judicial Code in 1948, the Supreme Court soon made clear that this work would, in keeping with the intention of the revisers, be considered as a codification of existing laws, with changes in and additions to the law restricted to noncontroversial matters which would meet with general approval, and to new matters deemed beneficial and necessary to implement the new Federal Rules of Civil Procedure promulgated by the Supreme Court, or to improve the administration of justice in the Federal systems.

In this vein, the Court in Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, and in United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226, both decided in 1949, held that § 1404(a) of the Code applied to actions under the Federal Employers' Liability Act, where venue is provided in § 6, 45 U.S.C.A. § 56, (Collett, supra), and to suits brought by the Government under the Sherman Act, 15 U.S.C.A. §§ 1, 2, 4 (National City Lines, supra).

In these two cases it was held that the special venue provisions of the acts in question defined the proper forum in which plaintiff could bring his action;

but that § 1404(a) of the Code dealt with the right of the Court to transfer such an action properly brought under the circumstances outlined therein. Pointing out that the two statutory provisions in question dealt with separate and distinct problems, the Court held that § 1404(a) of the Chapter on Venue did not repeal the special venue provisions of the statutes creating civil actions to which might be applied the rule of "forum non conveniens", embodied in § 1404(a).

In Collett, in disposing of plaintiff's argument that the words "any civil action" used in § 1404(a) applied only to those actions for which special venue provisions were provided in §§ 1394–1403 of the new Code, the Court stated that:

" * * * §§ 1391–1393, which are also in the Venue Chapter and also refer to 'any civil action', would be read as applying only to actions for which special venue requirements are established in neighboring sections of the Code, *although they were obviously intended by Congress to be the general venue sections applicable to ordinary actions.*" (337 U.S. 55, p. 59, 69 S.Ct. 944, p. 946, 93 L.Ed. 1207, p. 1210, emphasis supplied.)

Thus, these early cases foreshadowed the rule announced in Fourco, which now unmistakably restricts the application of § 1391(c) to "ordinary actions", that is to say, to actions for which venue is not provided for in special acts governing a particular field of litigation.[2]

1954); Garland v. Alaska S. S. Co., 194 F.Supp. 792 (D.Alaska 1961); Phillips v. Pope & Talbot, Inc., 102 F.Supp. 51 (S.D.N.Y.1952); Mincy v. Detroit & Cleveland Nav. Co., 94 F.Supp. 456 (S.D. N.Y.1950); Bounds v. Streckfus Steamers, Inc., 89 F.Supp. 242, 243 (D.Del. 1950); Bagner v. Blidberg Rothchild Co., Inc., 84 F.Supp. 973 (E.D.Pa.1949).

2. It can be forcefully argued that 46 U.S. C.A. § 688 is an "ordinary action", for by its enactment Congress intended to impose on shipowners the same measure of liability for injuries suffered by the

crew while at sea as the common law prescribes for employers in respect to their employees on shore. "In that form it makes applicable to personal injuries suffered by seamen in the course of their employment 'all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees.'" Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 395, 68 L.Ed. 748 (1924). The remedy "at law" was held to be subject to the venue provisions of the Act. In Brown v. C. D. Mallory & Co., 122

Since the Fourco case, the Court has twice applied the rule of statutory construction upon which the decision is pitched, to other provisions of the Judicial Code. In Bulova Watch Co. v. United States, 365 U.S. 753, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961), the specific provisions of § 3771(c) of the Internal Revenue Code, providing for interest on tax refunds, was held to control over the general rule of 28 U.S.C.A. § 2411 (a). In United States v. FMC Corporation, 84 S.Ct. 4, 11 L.Ed.2d 20 (1963), the special rules for appeals in antitrust cases, 15 U.S.C.A. § 29, were held to prevail over the Judicial Code, 28 U.S.C.A. § 1292(a) (1).

In addition to Leith, supra, other lower tribunals have applied the Fourco rule on venue to various special areas of litigation.[3] Of the cases relied upon by plaintiff only two appellate courts have decided the issue applying § 1391(c) to the venue provisions of the Jones Act, Connolly v. Farrell Lines, Inc., supra, n. 1, and Hutchison v. Pacific-Atlantic S.S. Co., supra, n. 1.

Connolly, decided after the Fourco decision, made no mention thereof and is of little help here, while Hutchison was decided prior to the Supreme Court's pronouncement in that case.

While the Leith case has been criticized in a very comprehensive and able review appearing in 62 Michigan Law Review at page 897 et seq., we do not fully agree with the reasons set out by the author, particularly in view of the Bulova Watch Company and FMC Corporation cases, supra.

Moreover, so great has been the impact of the Fourco decision in this area, that such eminent authorities as Professor Charles Allen Wright and Professor James Wm. Moore have now adopted the general application of the rule to all special venue statutes, including the Jones Act. 1 Barron and Holtzoff, Federal Practice and Procedure, § 80, p. 387 (Wright ed. 1960); Wright on Federal Courts, 132, 133, (1963); 1 Moore, Federal Practice, par. O. 144 [1], pp. 1602–1603 (2nd ed. 1961), and par. O. 144 [13.4], p. 1652. We must agree with this view.

The Jones Act, adopted in 1920, was the creation by Congress of a completely new *right of action* for seamen against their employers, based upon negligence. By this enactment, Congress simply

F.2d 98, (3 Cir. 1941), it was held that if the suit is brought in Admiralty, venue could be obtained by foreign attachment of property of the owner, a traditional maritime venue procedure for actions in personam. It was recognized further that the Jones Act merely incorporated venue provisions as provided for in the Judicial Code, Section 51 (28 U.S.C.A. § 112), as they existed prior to the revision. 122 F.2d 98, p. 104 n. 4.

This fact would indicate the intention of Congress by enactment of the Jones Act to provide for venue as in "ordinary actions" under the common law. Revised Section 1391(c) of Title 28 U.S.C.A., was intended to consolidate the old sections 111 and 112 of the Judicial Code. Revisers Notes, 28 U.S.C. § 1391. Thus, the cases cited supra, n. 1, stand upon sound ground, and derive considerable comfort from the language quoted herein from Ex Parte Collett, supra.

Furthermore, patent infringement suits such as are considered in Fourco, supra, antitrust suits, tax refund suits, and Clayton Act suits, considered in cases

cited in note 3, post, are not actions having their roots in the common law, i. e., "ordinary actions" to which § 1391(c) could or should be applied. They derive from special Congressional Acts dealing with rights created by these acts and the venue requirements therein contained were dictated by these special considerations.

3. Zonolite Co. v. United States, 209 F. Supp. 597 (W.D.Pa.1962), review of orders of Interstate Commerce Commission under 28 U.S.C.A. § 1398, and United Merchants and Manufacturers, Inc. v. United States, 123 F.Supp. 435 (M.D.Ga. 1954), tax refund suits laid under 28 U.S.C.A. § 1402. R. J. Coulter Funeral Home v. National Burial Ins. Co., 192 F.Supp. 522 (E.D.Tenn.1960), and Kaeppler v. James H. Matthews & Co., 180 F.Supp. 691 (E.D.Pa.1960), have extended the rule of Fourco to special venue provisions of the Clayton Act, not provided for in the 1948 revision of the Judicial Code, Title 15 U.S.C.A. §§ 15, 22.

amended the Seamen's Act of 1915, 38 Stat. 1185, giving to seamen the benefits of the Federal Employers' Liability Act of 1908. The act provides " * * * and in such action all statutes of the United States modifying or extending the *common-law right* or *remedy* in cases of personal injury to railroad employees *shall apply * * *.*" (Emphasis supplied) Thus was the Federal Employers' Liability Act engrafted upon the maritime law, both in regard to the substantive cause of action, and as to the procedural remedy provided for enforcement thereof.

Congress, however, as an apparent afterthought, added the concluding sentence of the Jones Act relating to "jurisdiction", held in Panama Railroad Co. v. Johnson, supra, note 2, to relate to venue only and not at all to "jurisdiction". As we have seen, venue under this sentence of the Act was limited to the place where defendant resides or his principal place of business is located.

Having concluded that the rule of Fourco precludes the application of 28 U.S.C.A. § 1391(c), we must examine the statutes to ascertain whether it may be said that this provision, standing alone, supplies the exclusive venue provisions for bringing a Seaman's suit for negligence under the Jones Act. We think not.

Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, provides venue for the assertion of these suits, at plaintiff's election, in the district (1) of the residence of defendant (2) in which the cause of action arose, or (3) in which the defendant shall be doing business at the time of commencing such action.[4]

The same section provides the limitation period for suits under the Act, and for concurrent jurisdiction of State and Federal Courts.

It is not necessary to marshall the cases holding the general application of the provisions of the Federal Employers' Liability Act, and other laws for the protection of railroad workmen, such as the Safety Appliances Act, 45 U.S.C.A. § 1 et seq., to suits under the Jones Act, or the cases holding that the Jones Act is remedial legislation and must be broadly and liberally construed for the benefit of all seamen falling within the scope of its protection.

In the early case of Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926), the limitation provisions of this section (45 U.S.C.A. § 56), were applied to a seaman's suit under the Jones Act. This was followed by Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955), applying the 1939 amendment to § 56, increasing the limitation period to three years.

In Panama R. Co. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085 (1926), the Court again held that 45 U.S.C.A. § 56 applied to the Jones Act, concluding that the remedy afforded the seaman by that statute to sue "at law", with trial by jury, in a United States Court was one in which there is concurrent jurisdiction with the courts of the States as provided by the Federal Employers' Liability Act and the "saving to suitors" clause.

Moreover, the nonremovability provisions of 45 U.S.C.A. § 56 have been consistently applied to Jones Act cases, under the section as originally written prior

---

4. We recognize that Panama R. R. Co. v. Johnson, supra (1924); Brown v. C. D. Mallory & Co., supra (3 Cir. 1941); Barrington v. Pacific S. S. Co., 282 F. 900 (D.C.Or.1922); Peters v. Detroit & Cleveland Nav. Co., 24 F.2d 454 (W.D. N.Y.1927); Bannon v. Seaboard Air Line Ry. Co., 52 F.2d 886 (S.D.Ga.1931); Summerall v. United Fruit Co., 11 F. Supp. 963 (S.D.N.Y.1935), aff'd 80 F.2d 1020 (2 Cir.), cert. den. 298 U.S. 658, 56 S.Ct. 680, 80 L.Ed. 1384; Burris v. Mat-

son Nav. Co., 37 F.Supp. 648 (S.D.N.Y. 1940); Nilsson v. American Oil Co., 118 F.Supp. 482 (D.C.Tex.1954); Hill v. Upper Mississippi Towing Corp., 141 F. Supp. 692 (D.C.Minn.1956), all held that the venue provisions of 46 U.S.C.A. § 688 controlled in Jones Act suits at law. However, it does not appear that the application of 45 U.S.C.A. § 56 as relating to venue of Jones Act suits was considered in these cases.

to enactment of the Judicial Code in 1948, and since 1948 under § 1445(a) of the Code. Norris, Law of Seamen, § 678 p. 834, and cases collected in note 5; Act of June 25, 1948, Pub.Law No. 773, 80th Cong. 2d Sess., § 18, amending 45 U.S.C.A. § 56 by deleting nonremoval provision of that section.

■ If 45 U.S.C.A. § 56 applies to Jones Act cases in these three important phases of the law, then logic brings us to the conclusion that the venue provisions of the same section also apply, provided there is no irreconcilable conflict in the two statutes.

Taking the universally accepted view that the Federal Employers' Liability Act supplements the Jones Act, as indeed it does, we find little difficulty in reconciling the two statutes. The provision for suit where defendant resides in § 688, 46 U.S.C.A. coincides with the provision of § 56, 45 U.S.C.A. providing for suit "at the residence of defendant". The remaining Jones Act provision for suit at the employer's "principal place of business", read in the light of § 56, is enlarged to encompass the more modern concept of residence for venue purposes to include a district in which a defendant may "be doing business at the time of commencing such action", and lastly, the right to sue "where the cause of action arose", not expressly interdicted by the Jones Act, is also available to such a claimant.

■ Applying these specific venue provisions to the instant case makes completely unnecessary any extension of the provisions of 28 U.S.C.A. § 1391 (c) to Jones Act cases, and does no violence to the rule of Fourco Glass Co. v. Transmirra Products Corp., supra, or its progeny, supra note 1, except the Leith case.

The question has not been decided by the Fifth Circuit Court of Appeals, and considering the conflict in the other circuits, we regard it as an open one.

■ We hold that plaintiff's suit is properly laid under 46 U.S.C.A. § 688 and 45 U.S.C.A. § 56, in a district where-

in defendant was doing business at the time of the commencement of the action at bar.

In view of the conflict in this area of the law, the Court will certify the matter as one for interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b), should movant so request.

If such appeal is granted, it will, of course, operate to stay the present action until the question is resolved.

In the meantime, we point out that plaintiff may avoid the effects of the venue provisions of 46 U.S.C.A. § 688, should they be held to be controlling, by bringing his Jones Act claim, with trial by jury, in the State Court, where the venue statutes of Louisiana will apply, Norris, Law of Seamen, Vol. 2, § 675 n. 2 p. 830, or he may file a libel on the Admiralty side of the Court upon proper showing of venue here under the maritime law.

## JUDGMENT ON MOTIONS

For the reasons this day assigned in memorandum opinion on the motion by defendant Gulf Coast Transportation, Inc., to dismiss for lack of proper venue under 46 U.S.C.A. § 688, this motion is denied.

This Court is of the opinion that the matter presented by defendant's motion to dismiss for lack of proper venue involves a question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the Order denying same may materially advance the ultimate termination of this litigation, and we hereby so certify.

The motion filed by defendant Delta Mud & Chemical Company, for want of jurisdiction, is conceded by the complainant to be valid and is granted. Complainant suggests that the action against Delta Mud & Chemical Company be transferred to the Admiralty side of the court. We decline this request, but dismiss the complaint without prejudice to the right of plaintiff to proceed further by filing proper libel in Admiralty. See Romero v.

International Terminal Operating Company, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 2d 368 (1959), and Maher v. Newtown Creek Towing Co., 190 F.Supp. 933 (S.D. N.Y.1961).