Leoncio RODRIQUEZ, Plaintiff,

v.

UNITED FRUIT COMPANY, Defendant.

Enrique ALVAREZ, Plaintiff,

v.

UNITED FRUIT COMPANY, Defendant.

Dewey FANNING, Plaintiff,

v.

UNITED FRUIT COMPANY, Defendant.

Earl L. BROWN, Plaintiff,

v.

UNITED FRUIT COMPANY, Defendant.

Fred McPHERSON, Libelant,

v.

BARGE GERARD, etc., in rem, and American Bridge Division United States Steel Corporation, in personam, Respondents.

Civ. A. Nos. 4691, 4692, 4730, 4757;
No. 8488.

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 29, 1964.

Amato, Babalas, Breit, Cohen, Rutter & Friedman, C. Arthur Rutter, Jr. and Gerald Rubinger, Norfolk, Va., for plaintiffs and libelant.

Seawell, McCoy, Winston & Dalton and Charles R. Dalton, Jr., Norfolk, Va., for United Fruit Co.

Vandeventer, Black, Meredith & Martin and Walter B. Martin, Jr., Norfolk, Va., for Barge Gerard and American Bridge Division, etc.

WALTER E. HOFFMAN, Chief Judge.

Each of the defendants in the foregoing civil actions is a corporation incorporated and having its principal office in a district other than that of the Eastern District of Virginia. The same is true as to the *in personam* respondent in the admiralty action. The barge GERARD has not been arrested in the admiralty action.

The respective claimants seek relief under the Jones Act, 46 U.S.C. § 688. The libelant in the admiralty case and the plaintiff in No. 4730 are alleged to be citizens and residents of Virginia. The other three plaintiffs allege that they are residents and citizens of Texas, New York, and South Carolina.

The defendants in the civil cases and the respondent in the admiralty case have filed motions to dismiss contending that the venue requirements under the Jones Act have not been met. They do not contest that, for the purpose of their motions, they are doing business in the Eastern District of Virginia. Service of process was effected in each case by serving the Clerk of the State Corporation Commission of Virginia in accordance with the Virginia statute.

At the outset we are confronted with Leith v. Oil Transport Company, 3 Cir., 321 F.2d 591, decided July 30, 1963, which specifically holds that the general venue statute, as contained in the 1948 revision of the Judicial Code, and particularly 28 U.S.C. § 1391(c), does not enlarge the concept of "residence" so as to include any judicial district wherein a corporation "is doing business" within the meaning of the Jones Act. The Third Circuit relies upon Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786.

As to the civil actions, we agree with the reasoning advanced by the Third Circuit in Leith. Manifestly the revisers of the Judicial Code in 1948, which resulted in the passage of § 1391 (c), Title 28 U.S.C., did not intend to alter the venue provisions "unless an intent to make such changes is clearly expressed." The Jones Act, 46 U.S.C. § 688, specifically states that "[j]urisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." The word "jurisdiction" has been construed to mean "venue" as used in the Jones Act statute, Branic v. Wheeling Steel Corp., 3 Cir., 152 F.2d 887, cert. den. 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026.

Cognizant of the fact that many Jones Act cases are heard in this court involving seamen's claims against shipowners who do not reside or have their principal office within the Eastern District of Virginia, this is no answer to the question. Venue, as we all know, may be waived by a defendant. Presumably many defendants would prefer to have their cases heard before juries drawn from places other than the states of incorporation or the areas where they maintain their principal offices.

We are urged to adopt the rule pronounced by a footnote in Connolly v. Farrell Lines, Inc., 1 Cir., 268 F.2d 653,

657. The First Circuit gave no consideration to the Supreme Court decision in Fourco Glass Co. v. Transmirra Products Corp., supra, and, moreover, the issue of venue arose directly only as to plaintiff's count for maintenance and cure.

 A further point is made by the several plaintiffs in the civil cases. It is argued that Leith does not consider the venue provisions of the Federal Employers' Liability Act, specifically 45 U. S.C. § 56, which provides that an action may be brought in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. Since the Jones Act incorporates by reference "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees" we are told that the venue provisions of the Federal Employers' Liability Act are applicable and, therefore, permit such action in this district because the several defendants are doing business therein. The short answer to this argument is that Congress has seen fit to impose different venue requirements in Jones Act cases. To now hold that the venue requirements under the Federal Employers' Liability Act are controlling would negate the plain language of 46 U.S.C. § 688.

 We are not unmindful of the fact that courts have been inclined to hold either that (1) the venue requirements under the Jones Act include the question as to whether the defendant was "doing business" in the district where the action was commenced,[1] or (2) the venue requirements of the Federal Employers' Liability Act are applicable.[2] However that may be, "[t]he plain words and meaning of a statute cannot be overcome by a legislative history which, through strained processes of deduction from events of wholly ambiguous significance, may furnish dubious bases for inference in every direction." Gemsco, Inc. v. Walling, 324 U.S. 244, 260, 65 S.Ct. 605, 614, 89 L.Ed. 921.

 Quite a different picture is presented in the admiralty case. Title 46, § 688, U.S.C., is applicable to actions at law, with the right of trial by jury. The venue requirements are thereby limited to this type of action. In admiralty, an action may be maintained by a libel *in personam* wherever a citation can be served upon the *in personam* respondent, or an attachment made of any personal property or credits. In re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991. Agreeing with the conclusions reached in Hunt v. Paco Tankers, Inc., D.C.S.D.Tex., 226 F.Supp. 279, the motion to dismiss the libel in Admiralty No. 8488 will be denied.

The issues presented are not free from doubt. The vast number of Jones Act actions instituted on the civil side of the court call for a more authoritative ruling. This Court would, of course, grant leave to transfer the civil actions to a more appropriate district, either where the defendant resides (district of incorporation) or where the principal office is located, or dismiss the civil actions without prejudice to the right of the respective plaintiffs to maintain same where venue exists, but as the parties may desire to appeal from an interlocutory order to be entered in one or more of the cases, the Court will certify that such

1. Hutchison v. Pacific-Atlantic Steamship Co., 9 Cir., 217 F.2d 384, 387 (believed to be dictum); Phillips v. Pope & Talbot, Inc., S.D.N.Y., 102 F.Supp. 51; Garland v. Alaska Steamship Company, D.C. Alaska, 194 F.Supp. 792; Bagner v. Blidberg Rothchild Co., D.C.Pa., 84 F.Supp. 973; Bounds v. Streckfus Steamers, D.C. Del., 89 F.Supp. 242.

2. Blanco v. Gulf Coast Transportation, Inc., W.D.La., 235 F.Supp. 197; Suarez v. The Pure Oil Co., S.D.Fla., No. 64–32 (unreported); Arthur v. Compagnie Generale Transatlantique, 5 Cir. (1934), 72 F.2d 662.

an appeal is proper in this type of case, as a more definitive ruling will substantially aid in the administration of other Jones Act proceedings.

Present order in accordance with memorandum.