**Dewey FANNING, Appellant,**

v.

**UNITED FRUIT COMPANY, Appellee.**

**No. 10004.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1965.

Decided Jan. 4, 1966.

C. Arthur Rutter, Jr., Norfolk, Va. (Gerald Rubinger and Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., on brief), for appellant.

Charles R. Dalton, Jr., Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellee.

Before SOBELOFF and BRYAN, Circuit Judges, and MICHIE, District Judge.

SOBELOFF, Circuit Judge:

The question to be decided is whether for Jones Act venue purposes a corporate defendant's residence includes a judicial district in which the corporation is doing business as well as the district of its incorporation.

Dewey Fanning, a seaman, instituted in the District Court for the Eastern District of Virginia an action under the Jones Act, 46 U.S.C.A. § 688, against his employer-shipowner. The District Judge granted the defendant's motion to dismiss for lack of proper venue, and this appeal was taken.[1]

The shipowner is incorporated under the laws of New Jersey and maintains its principal offices in Boston, Massachusetts. It concedes that it was doing business in the Eastern District of Virginia, but contended in the District Court and contends on this appeal that it may be sued only in Massachusetts or New Jersey. The parties are in agreement that the resolution of the issue between them depends on an interpretation of the following language of the Jones Act:

"Jurisdiction in such actions shall be under the court of the district in which the defendant employer re-

1. The opinion of the District Court is reported at 236 F.Supp. 680, sub nom. Rodriquez v. United Fruit Co.

sides or in which his principal office is located." 46 U.S.C.A. § 688.[2]

The injured seaman contends that the term "resides" is not restricted to the district of incorporation but encompasses districts in which the employer is doing business, a definition of residence derived from the general venue statute, 28 U.S.C.A. § 1391(c), enacted in 1948.[3] The shipowner's position is that the general venue statute does not apply to cases under the Jones Act because that Act contains its own special venue provision. The shipowner relies heavily upon the supposed analogy of Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), where the Supreme Court held that the general venue provisions of section 1391 (c) did not broaden the concept of corporate residence for purposes of the venue provision of the patent infringement statute.[4]

Since the 1957 Fourco decision two courts of appeals have passed on the question presented here. The Third Circuit, in Leith v. Oil Transport Co., 321 F.2d 591 (1963), held that Fourco compels a narrow reading of the Jones Act venue provision, unaffected by the liberal venue provisions of section 1391 (c). The Fifth Circuit, however, in Pure Oil Co. v. Suarez, 346 F.2d 890 (1965), petition for certiorari granted, 86 S.Ct. 549, refused to follow the Leith holding, applied the definition of residence contained in section 1391(c), and treated Fourco as limited to a construction of the venue provision of the patent infringement statute. When this case was before Judge Hoffman, he had before him only the Third Circuit's Leith opinion, the Fifth Circuit's case of Pure Oil Co. v. Suarez not having been decided then.

After full consideration of the competing arguments we favor the Fifth Circuit's interpretation.[5]

From 1948, when the general venue statute was enacted, until 1957, when the Supreme Court decided Fourco, the lower federal courts were unanimously of the view that section 1391(c) broadened the concept of corporate residence for Jones Act venue purposes.[6] After 1957, however, most courts, but not all, have applied the Fourco rationale to the Jones Act venue provision and limited corporate residence to the place of incorporation.[7] As the Fifth Circuit points out, however, the special venue provision of the patent infringement statute, section 1400(b), was intended for reasons peculiar to patent infringement litigation to restrict venue in cases arising under that statute, and the Supreme Court in Fourco focused sharply on this congressional design. On the other hand, consistent with the remedial purpose of the Jones Act, injured seamen have been accorded the benefit of a liberal construction of venue requirements which has

---

2. Both parties properly assume that the term "jurisdiction" should be interpreted to mean "venue." Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924).

3. Section 1391(c) provides:
"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

4. The relevant provision reads:
"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S. C.A. § 1400(b).

5. Reaching this conclusion, we find it unnecessary to pass on the additional contention of the plaintiff, rejected by the Fifth Circuit, that the enlarged venue provision of FELA, 45 U.S.C.A. § 56, applies also to Jones Act cases. Cf. Blanco v. Gulf Coast Transportation, Inc., 235 F.Supp. 197 (W.D.La.1964).

6. See the cases cited in Pure Oil Co. v. Suarez, 346 F.2d 890, 893 n. 6 (5th Cir. 1965).

7. See the cases on both sides of the issue, cited at 894 nn. 7 and 8 of the Pure Oil decision, supra.

been denied litigants proceeding under the patent infringement statute.[8]

The *Fourco* decision does not hold that section 1391(c) must yield automatically in every instance. Rather, the Supreme Court, examining the purposes of the special venue provision contained in the patent infringement statute, determined that applying the general venue statute would not be consistent with the congressional purpose in enacting the special venue provision. In determining that section 1391(c) could not survive the conflict, the Supreme Court noted that it was following the reasoning of Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). There the Court emphasized the problems respecting venue historically engendered by patent infringement actions and gave effect to the congressional aim in enacting a special venue provision for patent infringement suits of limiting "a prior, broader venue." 315 U.S. at 566, 62 S.Ct. 780.

Those decisions of the lower federal courts after 1957, which applied the *Fourco* rationale to Jones Act venue, misconceived, we think, the thrust of that decision. Applying the *Fourco* doctrine in Jones Act cases results in an unwarranted withdrawal of a convenient forum previously (from 1948 to 1957) available to seamen for the prosecution of their Jones Act claims. We find nothing to compel an extension of *Fourco* to situations not in contemplation when that case was decided.

■ When two statutes present an apparent conflict, the proper approach is to ascertain the purposes underlying both enactments, not to dispose of the problem by a mechanical rule. The special considerations which led the Supreme Court to hold that the patent infringement statute's restrictive venue provision must prevail are entirely absent here.

■ The Jones Act with its venue provision has a history distinctly different from that of the patent infingement statute. Consistently, the Supreme Court has reiterated that the purpose of the Jones Act was to enlarge admiralty's protection of seamen and that its terms should be interpreted to benefit them. See Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265 (1939). It seems wholly opposed to the purposes of the Jones Act to construe its venue provision more narrowly than the general venue statute, and thus to afford the defendant-employer in a Jones Act suit a means of escape that would not be available to it in a diversity suit. To limit an injured seaman's access to the federal courts by a narrowing construction of the Jones Act venue provision would in this and many other cases work an emasculation of the statute, depriving its intended beneficiaries of the federal remedy made available to them by Congress.

Viewing the situation as a whole, we perceive no unfairness or inconvenience in continuing, as before *Fourco*, to subject the defendant to suit in the district where it is doing business. There would be obvious unfairness in requiring the plaintiff to sue in the district of the defendant's incorporation or of its principal office. Usually neither of these places is as related to the events in dispute or as convenient for the trial as the place

---

8. The consent doctrine established in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939), under which a designation, in conformity with a valid state statute, by a foreign corporation of an agent upon whom service of process may be made constitutes effective consent to be sued in the federal courts of that state, has been applied to corporate defendants in Jones Act suits but not in patent infringement litigation. See discussion and citations by the Fifth Circuit, 346 F.2d at 895–896.

The record does not disclose whether United Fruit Company, which concededly is engaged in doing business in Virginia, has or has not appointed a statutory agent in the state.

where the corporation is actually doing business.[9]

As this subject has been considered in depth in the *Pure Oil* case, and the relevant cases are there collected and discussed, this opinion need not traverse the same ground. We express our full agreement with the Fifth Circuit's reasoning and conclusions.

The decision of the District Court is reversed and the case remanded for further proceedings.

Reversed and remanded.

---

9. It is of interest to note that in a companion case, McPherson v. Barge Gerard, treated by the District Court in the same opinion as the case under review, venue was upheld on the admiralty side on the sole basis that the defendant corporation was doing business in the Eastern District of Virginia. 236 F.Supp. 680.